UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES GILBERT JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JUDITH A. LEDOUX, Director of Industry )<br>Operations, United States Bureau of )<br>Alcohol, Tobacco, Firearms, and )<br>Explosives, Columbus Field Division )<br>)<br>Defendant. )<br>) | Case No. 2:14- cv-153 |

DECLARATION CERTIFYING RECORDS

As an authorized representative of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Columbus Field Division, I declare as follows:

1. I am the custodian of the records submitted with this Declaration or otherwise am qualified and authorized to make the statements in this Declaration.

2. The records submitted with this Declaration were made at or near the time of the occurrences set forth in the records by or from information transmitted by a person with knowledge of these matters.

3. The records are kept in the course of regularly conducted business activity.

4. It is the regular practice of the Bureau to make and maintain such records.

5. The records submitted with this Declaration are originals or exact copies of such records.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed on September 5th, 2014.

_Judyth A. LeDoux_
Judyth A. LeDoux, Director of Industry Operations
ATF

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearms and Explosives

# Final Notice of Denial of Application or Revocation of Firearms License

In the matter of:

[X] The application for license as **a Dealer (01) in Firearms Other Than Destructive Devices**, filed by; or

[ ] License Number _____, as _____, issued to:

Name and Address of Applicant or Licensee *(Show number, street, city, state and ZIP Code)*

Charles Richard Alsop Gilbert, Jr.
2705 S. Franklin Street
Michigan City, IN 46360

Notice Is Hereby Given That:

(1) After due consideration following a hearing held pursuant to section 923(f)(2) of Title 18, U.S.C., and on the basis of findings set out in the attached copy of the findings and conclusions, your

[X] application for license described above is denied.

[ ] license described above is revoked, effective _____.

If you are dissatisfied with this action you may, within 60 days after receipt of this notice, file a petition pursuant to section 923(f)(3) of Title 18, U.S.C., for judicial review with the U.S. District Court for the district in which you reside or have your principal place of business.

(2) [ ] Since a request for hearing pursuant to section 923(f)(2) of Title 18, U.S.C., was not received, or was not timely received, and based on the findings set out in the attached copy of findings and conclusions, your license described above is revoked effective _____.

(3) [ ] Records prescribed under 27 CFR Part 478 for the license described above shall be delivered to ATF within 30 days of the date the business is required to be discontinued or shall be documented to reflect delivery to a successor. See 27 CFR 478.127.

| Date | Signature and Title of Bureau of Alcohol, Tobacco, Firearms and Explosives Official |
|---|---|
| May 22, 2014 | *[signature]*, DIO |

I certify that, on the date below, I served the above notice on the person identified below by

[ ] Delivering a copy of the notice to the address shown below.   [X] Certified mail to the address shown below.

| Date Notice Served | Name of Person Served *(Please state if served on partner or officer of corporation)* |
|---|---|
| May 22, 2014 | Charles Richard Alsop Gilbert, Jr. |

Address Where Notice Served

14690 Rothgeb Drive
Rockville, MD 20850

| Date | Signature of Person Serving Notice | Title |
|---|---|---|
| May 22, 2014 | *[signature]* | Senior Operations Officer |

Note  Previous Edition Is Obsolete

ATF E-Form 5300.13
Revised July 2005

FINDINGS AND CONCLUSIONS IN SUPPORT OF THE DENIAL OF THE APPLICATION FOR FEDERAL FIREARMS LICENSE # 4-35-PA-05468 FOR CHARLES GILBERT, JR., AS A DEALER IN FIREARMS OTHER THAN DESTRUTIVE DEVICES.

After issuance of a Notice of Denial, an Amended Notice of Denial, and upon the request of the Applicant, a hearing was conducted on April 15, 2014. Present at the hearing were Hearing Officer Deborah Rankin, ATF attorney Theresa Hummel, ATF Industry Operations Investigators Margaret Specht and Derek Root, Attorney for the Licensee Adam Sedia, and Applicant Charles Gilbert, Jr.

Based upon the administrative record generated at that hearing, concerning the denial of the application of the Federal firearms license for Charles Gilbert, Jr. at 2705 S. Franklin Street, Michigan City, Indiana, the Director, Industry Operations, Columbus Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) hereby issues the following findings and conclusions:

### **Findings:**

The evidence in the administrative record establishes the following:

1. This Applicant submitted an application (Form 7/GOV Ex. 7) for a Federal firearm license with a proposed premise in Indiana. This Applicant has previously held a Federal firearms license under the name of American Arms International, in Rockville, Maryland. This license was revoked in 2006 for willful violations of the Gun Control Act. As part of the 2006 administrative action, the Applicant was also denied a Federal firearms license for engaging in willful violations of the Gun Control Act under the name Gilbert Indoor Range, LLC also in Rockville, Maryland. (GOV Ex. 11). Charles Gilbert, Jr. was a "responsible person" on both the revoked license and the denied application.

2. The Applicant appealed the agency decisions to the United Stated District Court for the District to Maryland. The District Court sustained the revocation and denial of application for FFL finding that Mr. Gilbert engaged in "hundreds of willful violations of the GCA." American Arms v. Herbert, 2008 WL 8098466 (D.Md. 2008). Mr. Gilbert appealed this decision to the United States Circuit Court of Appeals for the Fourth Circuit. On April 20, 2009, the U.S. Court of Appeals affirmed the district court's opinion. American Arms v. Herbert, 563 F.3d 78 (4th Cir. 2009). Subsequently, the applicant filed another application in his own name and this application was also denied. (GOV Ex. 14). The denial was based upon past willful violations as well as 2008 firearms transactions that constituted the purchase or sale of firearms without a license in violation of the Gun Control Act. Gilbert v. Bangs, 813 F. Supp. 2d 669 (D. Md. 2011).

3. Based upon past agency decisions, Federal case law (GOV Ex. 12, 13, 15) and the Applicant's concession (Gov Ex. 2, Applicant Ex. A) that certain conduct qualified as willful violations of the Gun Control Act, I find that the ATF has no statutory obligation

to issue a license. Mr. Gilbert has willfully violated the provisions the Federal law and implementing regulations that govern Federal firearms licensees. Section 923 of the Gun Control Act provides that a past willful violator is one category of applicants that is not eligible to receive a Federal firearms license. See 18 USC § 923(d)(1)(C).

4. The violation cited for failure to have a premise from which to operate was resolved by the Applicant's submission of a lease for the premise that is listed on the Form 7 application. However, I note that the Applicant's testimony was inconsistent with Exhibit B in that the effective date of the lease was April 26, 2014, as opposed to the date represented at the hearing, which was April 15, 2014. Nonetheless, the Applicant has provided evidence that he has a premise from which to conduct business. I do not find that Applicant violated 18 U.S.C. § 923(d)(1)(E).

## Conclusions

1. The Applicant did not challenge the basis for denial. He conceded that through his previous licenses, he had willfully violated the Gun Control Act and implementing regulations.[i] (Applicant Ex. A). Therefore, I conclude that this application is denied.

2. The Applicant seeks to challenge the denial as "improper" because the willful violations occurred more than five years before this denial action. The Applicant has asserted a legal argument that a five year statute of limitations applies to the willful violations that formed the basis for the findings against him. Because the violations occurred more than five years from the date of the current application, the Applicant believes the Gun Control Act restriction on licensing does not apply.

3. I have taken this argument into consideration and conclude that the denial is proper and the legal argument to apply a five year statute of limitations is flawed. First, ATF is not using past violations to support this denial. ATF is using the findings from past administrative actions, which were affirmed by the District and Circuit courts. Therefore, it is the Applicant's status as a willful violator that disqualifies him from receiving a license, not specific violations.

4. Even if the denial were to be based upon past violations, the analysis offered by the Applicant is inaccurate. There is no precedent for the conclusion that a five year statute of limitations applies to licensing actions under 18 U.S.C. § 923. Gilbert v. Bangs, 813 F.Supp.2d 669, 675 (2011); Dick's Sport Center, Inc. v. Alexander, 2006 WL 799178 (E.D. Mich. Mar. 29, 2006).

5. Additionally, the Applicant's reliance on 28 U.S.C. § 2462 is misplaced for two reasons. First, this judicial statute should not be borrowed and inserted into the Gun Control Act's

administrative statutes. The GCA does not have a statute of limitations, therefore, one should not be generated where Congress did not see to include it. Secondly, the statute of limitations section cited by the Applicant applies only to actions commenced by the Government. This action was instituted by Mr. Gilbert himself when he filed an application for license and requested a hearing to review the denial.

6. I also note that Article II Gun Shop, Inc. v. Gonzales, does not establish a statute of limitations for licensing actions under the GCA. Article II Gun Shop, Inc. v. Gonzales 441 F.23d 492 (7th Cir. 2006). The court did not actually address the statute of limitations issue and ultimately admitted a long history of noncompliance as evidence of willfulness against that licensee.

7. Based upon all of the information set forth in this Notice, 18 U.S.C. § 923(d)(1)(C), as well as the entire administrative record, the Application is denied.

---

[1] The Applicant disputed the conclusion that there was a finding of willfulness as to a violation of 18 U.S.C. 922(a)(1)(A) while he was unlicensed in the District Court case Gilbert v. Bangs, 813 F.Supp.2d 669 (2011). Based upon GOV Ex. 14 & 15, ATF asserts that the violation was found to be willful.